IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENITA WALLACE,<br>　　　　Plaintiff,<br>v.<br><br>FIESTA MART, LLC,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No. 3:22-CV-1612-B-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, *Defendant's Motion to Strike Plaintiff's Untimely Affidavits Served Ostensibly Pursuant to Texas Civil Practice and Remedies Code Section 18.001*, filed August 29, 2023 (doc. 21), is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

On October 5, 2021, Renita Wallace (Plaintiff) slipped and fell on a substance on the floor of a Dallas grocery store owned by Fiesta Mart, LLC (Defendant). (doc. 6 at 2.)[2] She alleges that she suffered severe physical injuries as a result of the hazardous conditions that existed on Defendant's premises. (doc. 6 at 2-3.) She asserts claims for premises liability and negligence and seeks monetary damages for past and future physical pain and mental anguish, past and future medical expenses, physical impairment, and loss of earning capacity. (*Id.*)

Plaintiff filed suit in the 193rd Judicial District Court of Dallas County, Texas on May 24, 2022. (doc. 1-2 at 9-12.) After filing its original answer on July 14, 2022, Defendant removed the state case to this court on the basis of diversity jurisdiction on July 25, 2022. (See doc. 1.) Plaintiff amended her complaint on January 17, 2023. (*See* doc. 6.)

---

[1] By *Order of Reference* filed August 29, 2023, this motion has been referred for determination.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On August 2, 2023, Plaintiff filed "[her] Notice of Filing Affidavits Concerning Authenticity of Medical Expenses Pursuant to Tex.Civ.Prac. & Rem. Codes Section 18.001." (*See* doc. 18.) Attached are affidavits are from medical providers and custodians of medical records regarding the reasonableness and necessity of her medical expenses. (doc. 23-1 at 6-24.) On August 29, 2023, Defendant moved to strike the affidavits. (doc. 21.) Plaintiff did not respond to the motion.

## II. ANALYSIS

Defendant argues that the § 18.001 affidavits should be stricken because "section 18.001 is purely procedural" and "does not apply to federal courts sitting in diversity jurisdiction over Texas disputes." (doc. 22 at 5.)

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.' " *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *see also Guzman v. Mem'l Hermann Hosp. Sys.*, No. H-07-3973, 2008 WL 5273713, at *14 (S.D. Tex. Dec. 17, 2008) (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003)) ("As a general rule, under the *Erie* doctrine, when a plaintiff asserts a state-law claim in federal court, the federal court applies state substantive law to adjudicate the claims but applies federal procedural law."). "Federal courts are not bound, however, to follow a state law that merely is in some sense substantive, if it is in conflict with the Federal Rules of Civil Procedure." *Nelson v. Myrick*, No. CIV.A.3:04-CV-0828-G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005) (citation and quotations omitted). If the federal rule in question is "sufficiently broad to cause a direct collision with the state law, or implicitly, to control the issue before the court," there is "no room for the operation of [the state] law." *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987) (quotations omitted). Nevertheless, courts must not "wade into *Erie's* murky waters unless the

2

federal rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 398.

Under Texas law, "[a] claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary." *Gunn v. McCoy*, 489 S.W.3d 75, 101 (Tex. App.—Houston [14th Dist.] 2016), *aff'd by* 554 S.W.3d 645 (Tex. 2018). Section 18.001 provides plaintiffs an efficient means to prove up the reasonableness and necessity of past medical expenses without expert testimony. *See Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied). It states, in part:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b).

The Fifth Circuit has not addressed whether § 18.001 is a substantive or procedural law, and whether it should be applied in federal diversity cases. This issue was first considered in this district in *Rahimi v. United States*, 474 F. Supp.2d 825 (N.D. Tex. 2006), in which the court determined that § 18.001(b) was a substantive provision of Texas law; the plaintiff was allowed to use § 18.001 affidavits to "make a *prima facie* showing of the necessity and reasonableness of sums incurred for past medical expenses." *Id.* at 829. It explained that "[w]hen a state evidentiary rule is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law." *Id.* Because the Texas Supreme Court had not yet considered § 18.001, the court in *Rahimi* made an "*Erie* guess" when it allowed § 18.001 affidavits. *Rahimi*, 474 F. Supp.2d at 827 n.2.

A few years later, the Texas Supreme Court concluded that § 18.001 is "*purely procedural*, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical

3

expenses." *Haygood v. De Escabedo,* 356 S.W.3d 390, 397 (Tex. 2011) (emphasis added). It reaffirmed its characterization of § 18.001 affidavits as "purely procedural" in 2018. *See Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018) ("We reiterate that an affidavit served under section 18.001 is 'purely procedural' and does not amount to conclusive evidence of the expenses."). Even after *Haywood* and *Gunn*, "[d]istrict courts across Texas are deeply divided on the issue of whether Section 18.001 affidavits are admissible in federal court." *Schmidt v. Blue Monster Transp., Inc.*, 606 F. Supp.3d 424, 426 (N.D. Tex. 2022) ("[T]he Court would consider certifying the question under 28 U.S.C. § 1292(b): the question is purely legal, has deeply divided district courts, has never been addressed by the Fifth Circuit, and materially affects the course of litigation."). Nevertheless, the majority of courts in this district that have since considered the issue agree that § 18.001 is a procedural rule and is inapplicable in federal diversity cases. *See Graham v. Lewis*, No. 3:21-CV-1274-D, 2023 WL 52047, at *1 (N.D. Tex. Jan. 4, 2023) ("[T]he procedures of § 18.001 do not apply in this federal action."); *Bussey v. Singh*, No. 3:21-CV-2784-L, 2022 WL 3691097, at *3 (N.D. Tex. Aug. 24, 2022) (same); *Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *2 (N.D. Tex. Oct. 20, 2020) ("[T]he procedure of § 18.001(b) is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship."); *Davila v. Kroger Texas, LP*, No. 3:19-CV-2467-N, 2020 WL 2331079, at *2 (N.D. Tex. May 8, 2020) ("[T]he Texas Supreme Court's 2018 decision in *Gunn* persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal Rule of Evidence 302."); *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) ("Because the Texas Supreme Court has now held that § 18.001 is a procedural rule, the statute is inapplicable in federal court."); *but see Chapman v. QuikTrip Corp.*, No.

4

3:21-CV-2314-S, 2022 WL 4002904, at *5 (N.D. Tex. Aug. 31, 2022) ("[T]he Court finds that Section 18.001 is 'bound up' in state substantive rights such that it must apply in order to avoid the inequitable administration of laws."); *Duplessis v. Singh*, No. 2:21-CV-234-BR, 2023 WL 4010380, at *4 (N.D. Tex. June 14, 2023) ("[T]he Court finds § 18.001 is substantive in nature and thus applicable in federal court.").[3]

Given the Texas Supreme Court's explicit determination that § 18.001 is a "purely procedural" law, the district court decisions that follow the majority view and consider § 18.001 as procedural and not substantive state law are more persuasive. *See Haygood*, 356 S.W.3d at 397; *Gunn*, 554 S.W.3d at 674. Because federal law governs procedural matters, and § 18.001 is a procedural law, the procedures of § 18.001(b) are inapplicable in this diversity action. *See Baird*, 2019 WL 2286084, at *2; *Holland*, 2016 WL 11605952, at *1; *Davila*, 2020 WL 2331079, at *2; *Jones*, 2020 WL 6149967, at *2. Defendant's motion is granted to the extent that it seeks a finding that the procedures of § 18.001(b) are inapplicable.

Although Defendant moves to strike the affidavits, a traditional motion to strike "is neither an authorized nor a proper way to ... strike an opponent's affidavits." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed.). It should instead be treated as a "notice of objection to the challenged affidavits." *Xavier v. Belfor USA Grp., Inc.*, No. CIV.A.06-

---

[3]This also appears to be the majority view of other courts outside the district. *See Lloreda v. Dolgencorp of Texas, Inc.,* No. 3:21-CV-00171, 2022 WL 203258, at *3 (S.D. Tex. Jan. 24, 2022) ("In light of the Texas Supreme Court's now twice explicit holding that § 18.001 is a procedural rule, district courts in the Southern District of Texas are uniform in their approach: § 18.001 does not apply in federal court.") (collecting cases); *Miley v. MMM Freight Corp.*, 6:19-CV-00285-ADA-JCM, 2020 WL 5468828, at *3 (W.D. Tex. June 10, 2020) ("Given both the *Haygood* decision and the *Gunn* decision, the conclusion that [§] 18.001 is procedural is inescapable."); *Islas v. United States*, No. SA-19-CV-322-XR, 2020 WL 7683288, at *5 (W.D. Tex. Apr. 16, 2020) ("The Court agrees with the Government and with those cases finding that § 18.001 is procedural, as stated by the Texas Supreme Court, and thus not applicable in federal court."); *but see Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-580, 2019 WL 6492585, at *6 (E.D. Tex. Dec. 2, 2019) (concluding that § 18.001 "is a substantive rule of law"); *Grover v. Gov't Employees Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *2 (W.D. Tex. May 31, 2019) ("[T]he Court finds that Section 18.001, despite its procedural nature, should be applied in federal diversity actions.").

491, 2008 WL 4862533, at *2 (E.D. La. Sept. 23, 2008) (explaining that "courts treat the improper motions to strike as objections to the materials filed") (citing cases).[4]

### III.  CONCLUSION

Defendant's motion is **GRANTED** to the extent that it seeks a finding that the procedures of § 18.001(b) are inapplicable and **DENIED** to the extent it seeks to strike the affidavits.

**SO ORDERED** on this 1st day of December, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendant also argues that the affidavits "are fatally defective and must be stricken" because Plaintiff did not file the requisite notice and serve the affidavits by the deadline set forth in § 18.001. (doc. 22 at 4.) As discussed, "federal law, rather than state law, invariably governs procedural matters in federal courts." *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th. Cir. 2006). Because state procedural requirements for notice also do not apply here, the motion to strike the affidavits based on those state procedural requirements is also subject to denial on this basis.